## AFFIDAVIT

Your Affiant, Janna Penfield, deposes and states:

1. Your Affiant is a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"), United States Department of Justice, and has been so employed since August 2018. Prior to becoming a Special Agent with ATF, I was a United States Probation Officer with the United States Probation Department through the Southern District of Ohio from October 2014 through January 2018. Additionally, from August 2007 through October 2014, I was a Parole Officer through the State of Ohio, which included a special assignment position with the United States Marshal Service as a Task Force Officer on the Southern Ohio Fugitive Apprehension Strike Team. I have completed the Federal Criminal Investigator Training Program and the ATF Special Agent Basic Training at the Federal Law Enforcement Training Center in Glynco, Georgia. I have also completed the Initial Pretrial and Probation Training Program at the Federal Law Enforcement Training Center in Charleston, South Carolina, and the State of Ohio Parole Academy in Columbus, Ohio. In addition to the firearms, arson, and explosives-related training received in these courses, Your Affiant has also conducted and participated in numerous investigations involving firearms, firearms trafficking, and narcotics.

2. This Affidavit is being submitted for the limited purpose of establishing probable cause that Lamar F. COLLINS has violated Title 18 United States Code Section 922(g)(1), Felon in Possession of a Firearm. The statements contained in this Affidavit are derived from information provided to me by other law enforcement agencies; and from my review of records and reports relating to the investigation as well as my own investigation of this matter. This

Affidavit does not include every fact known to me regarding this investigation but seeks to summarize relevant information.

### A. PROBABLE CAUSE

3. On or about April 2, 2025, while on patrol, officers with the Columbus Police Department (CPD) observed a silver Nissan Pathfinder bearing Ohio license plate KMD9927 go left of center and cross the double yellow line. Shortly after observing this, the driver of the Pathfinder pulled into the parking lot of 1010 Barnett Road, Columbus, Ohio. CPD pulled in behind the vehicle and activated their overhead lights to initiate a traffic stop. As CPD activated their overhead lights, the driver[1] started to exit the vehicle. CPD instructed the driver to return to the vehicle, and she complied. CPD asked the driver for her license, and she advised she did not have it on her. However, the driver provided CPD her United States Passport. CPD also asked the front seat passenger, later identified as Lamar F. COLLINS (B/M; DOB: 01/20/1987) for identification due to not properly wearing a seatbelt.

4. Additional CPD units arrived at the traffic stop and spoke with COLLINS. COLLINS was asked if there were any firearms in the vehicle, to which he responded, "there wasn't one." When asked, COLLINS admitted to marijuana being inside the vehicle and held up a blue bookbag which was open, showing the officer the marijuana inside. The officer could see a large amount of a green leafy substance in a clear plastic bag protruding out the bag. Further conversation with COLLINS revealed there were "two ounces and two ounces," for a total of four ounces contained within the bag. Due to four ounces being over the legal amount for transport, the officer took the bookbag and asked COLLINS to step out of the vehicle. CPD looked inside the bookbag and believed there was more than four ounces contained within the bookbag.

---

[1] The driver was later identified as Nikkia R. Wilson (B/F; DOB: 06/XX/1984) and the registered owner of the vehicle.

5. Based upon the recovery of the marijuana, a search of the vehicle was conducted for any additional contraband. During the search, CPD located a tan firearm (Springfield Armory, model Hellcat, 9mm pistol bearing serial number BA304796) underneath the front passenger seat where COLLINS was sitting. The firearm would have been at COLLINS' feet with the handle of the firearm facing towards the front of the vehicle, the slide facing the rear of the vehicle, and the barrel facing towards the driver's side of the vehicle. The firearm was loaded with one round in the chamber and 10 rounds in the attached magazine. Additionally, a black iPhone with a black case was located on the center console armrest within the vehicle. CPD asked the driver if the black iPhone was hers and she informed CPD that phone was the phone COLLINS had been using. No other contraband was located within the vehicle.

6. Following the search of the vehicle, CPD interviewed the driver after reading her Miranda Rights, which she waived. The driver stated that two ounces of the marijuana was hers and she combined it with the marijuana in the blue book bag. When asked about the firearm, she stated she got a brown gun for protection but denied knowledge of a firearm being within the vehicle and would have notified CPD of the location of the firearm. The driver could not explain how the firearm got into the vehicle. She was shown a photograph of the recovered firearm and asked if it belonged to her. She stated that could be her firearm but could not explain how it got into the vehicle. She was then released on scene.

7. The marijuana located within the bookbag was weighed (271.7 grams) and observed to be contained within freezer size bags with "Sherbanger" written on them in black ink. There were also several empty mylar bags which had various logos on them and were different colors. COLLINS was transported to the Franklin County Jail and charged with Weapons Under Disability (F3) in Franklin County Municipal Court, Docket Number 2025CRA5315.

8. COLLINS has prior convictions in the Franklin County Court of Common Pleas on June 27, 2007, for Robbery (a felony of the second degree), case number 05CR-2534; on September 4, 2012, for Weapon Under Disability (a felony of the third degree), case number 12CR-755; and in the Marion County Court of Common Pleas on September 18, 2019, for Operating a Vehicle While Intoxicated (a felony of the fourth degree), case number 2019CR-7. All of these convictions are punishable by more than 12 months imprisonment and therefore prohibit COLLINS from possessing firearms.

## B. INTERSTATE NEXUS DETERMINATION

9. On or about April 17, 2025, Special Agent Janna Penfield spoke with ATF Interstate Nexus Expert Special Agent Teresa Petit who was informed about the recovered firearm, and she provided a verbal determination that Springfield Armory (HS Produkt) firearms are not manufactured in the State of Ohio. Thus, the firearm must have traveled in interstate commerce to be found in the State of Ohio.

## C. CONCLUSION

10. Based upon the above-listed facts and circumstances, Your Affiant believes and asserts that there is probable cause to believe that on or about April 2, 2025, Lamar F. COLLINS did unlawfully, knowingly, possess a firearm in and affecting interstate commerce after having been convicted of a crime punishable by imprisonment for a term exceeding one year, in violation of Title 18, United States Code, Section 922(g)(1).

11. The above violation was committed in the Southern District of Ohio, Eastern Division. Your Affiant requests that an arrest warrant be issued for Lamar F. COLLINS.

*[signature]*
Janna Penfield, Special Agent
Bureau of Alcohol, Tobacco, Firearms and Explosives

This Affidavit was sworn to by the Affiant by telephone after a PDF was transmitted by email, per Crim R. 3, 4(d), and 4.1 on this  18th day of April 2025.

*[signature]*
United States Magistrate Judge Chelsey M. Vascura
Southern District of Ohio
Eastern Division